UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERNE BANKS,
Personal Representative of the Estate of
A.T.B., deceased,

CIVIL NO.

        Plaintiff,

HON.

-vs-

HARPER-HUTZEL HOSPITAL, a Michigan
Corporation; ANN GILLETT-ELRINGTON, M.D.,
JUDETTE MARIE LOUIS, M.D. and TIBERIU
AVRAM, M.D., Jointly and Severally,

        Defendants.
_____/

## NOTICE OF REMOVAL

Defendant Ann Gillett-Elrington, M.D. ("Dr. Gillett-Elrington"), by her attorneys, Terrence Berg, Acting United States Attorney for the Eastern District of Michigan, and Peter A. Caplan, Assistant U.S. Attorney, pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d), hereby removes this action (Case No. 09-001088-NH), which now is pending in the State of Michigan Wayne County Circuit Court, from said circuit court to the United States District Court for the Eastern District of Michigan, Southern Division. This action is subject to removal because the defendant, Dr. Gillett-Elrington, at all times relevant to this matter was an employee of Detroit Community Health Connection, Inc., which has been deemed eligible for coverage under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), pursuant to the Federally Supported Health Centers Assistance Act of 1992 (Public Law 102-501), 42 U.S.C. § 233(g)(1). Accordingly, Detroit Community Health Connection, Inc. is an "entity" within the meaning of

Accordingly, Detroit Community Health Connection, Inc. is an "entity" within the meaning of 42 U.S.C. § 233(g), and Dr. Gillett-Elrington is an employee of an entity within the meaning of 42 U.S.C. § 233(g), and therefore she is deemed to be an employee of the United States Public Health Service covered by 42 U.S.C. § 233(a) and (c). Because she is deemed to be an employee of the U.S. Public Health Service, defendant Dr. Gillett-Elrington is eligible for coverage under the FTCA pursuant to 42 U.S.C. § 233(a) and (g). Under 42 U.S.C. § 233(a) and (g), a claim against the United States pursuant to the FTCA is the exclusive remedy available to the plaintiff in this case with respect to the alleged acts or omissions of defendant Dr. Gillett-Elrington.

This action also is removable because Elizabeth J. Larin, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, who is the appropriate official of the Department of Justice, has certified that defendant, Dr. Gillett-Elrington, who has been deemed to be an employee of the U.S. Public Health Service, was acting in the scope of such employment at the time of the incidents out of which this suit arose. (Certificate of Scope of Employment attached hereto as Ex. A).

This removal is timely because an action may be removed under 28 U.S.C. § 2679(d) or 42 U.S.C. § 233(c) "... at any time before trial ...." A copy of the complaint that was filed in Wayne County Circuit Court is attached.

WHEREFORE, petitioner requests that the files and pleadings filed in the Wayne County Circuit Court, Case No. 09-001088, be transmitted forthwith by the Clerk of that Court to the Clerk of the United States District Court for the Eastern District of Michigan, as this action is now pending in this Court.

Respectfully yours,

TERRENCE BERG
Acting United States Attorney

s/Peter A. Caplan

_____

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
313-226-9784
Peter.Caplan@usdoj.gov
P30643

Dated: March 4, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVERNE BANKS,
Personal Representative of the Estate of         CIVIL NO.
A.T.B., deceased,

       Plaintiff,                                  HON.

-vs-

HARPER-HUTZEL HOSPITAL, a Michigan
Corporation; ANN GILLETT-ELRINGTON, M.D.,
JUDETTE MARIE LOUIS, M.D. and TIBERIU
AVRAM, M.D., Jointly and Severally,

       Defendants.
_____/

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Notice of Removal has this 4th day of March, 2009, been made upon the following by placing same in a post-paid envelope and depositing said envelope into the United States mail addressed to:

Clerk of the Court                       Anne M. Schoepfle
Wayne County Circuit Court               Sommers Schwartz, P.C.
Coleman A. Young Municipal Center        2000 Town Center, Ste. 900
Two Woodward Ave.                        Southfield, MI 48075-1100
Detroit, MI 48226-3413

Thomas Shimmel
Kitch, Drutchas, Wagner, et al.
One Woodward Ave., Ste.2400
Detroit, MI 48226-5485

                                  s/Peter A. Caplan

                                  PETER A. CAPLAN
                                  Assistant U.S. Attorney
                                  211 W. Fort St., Ste. 2001
                                  Detroit, MI 48226
                                  313-226-9784
                                  Peter.Caplan@usdoj.gov
                                  P30643

JURY FEE PAID
THIS DATE:
JAN 1 4 2009
BY:

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LAVERNE BANKS, as Personal Representative
of the Estate of A    T    . B    , Deceased,

    Plaintiffs,

vs.

HARPER-HUTZEL HOSPITAL, A Michigan
Corporation; ANN GILLETT-ELRINGTON, M.D.;
JUDETTE MARIE LOUIS, M.D. and TIBERIU
AVRAM, M.D. Jointly and Severally,

    Defendants.
_____/

BANKS, LAVERNE, Personal Rep., e
Hon. Wendy M Baxter    01/14/2009

09-001088-NH

ANNE M. SCHOEPFLE (P42673)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
_____/

FILED
CATHY M GARRETT
WAYNE COUNTY CLERK

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the complaint.

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff herein, LAVERNE BANKS, as Personal Representative of the Estate of ARMON TERRELL BANKS, Deceased, by and through her attorneys, SOMMERS SCHWARTZ, P.C., and complaining against the above-named Defendants, states:

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300
2000 TOWN CENTER

## COUNT I

1. That LAVERNE BANKS has been duly appointed Personal Representative of the Estate of A' T B , DECEASED, by the Probate Court for the County of Wayne, State of Michigan.

2. That at all times relevant, Plaintiff, LAVERNE BANKS, was and still is a resident of the County of Wayne, State of Michigan.

3. That the amount in controversy in this cause exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest and costs, or is otherwise within the jurisdiction of this Court.

4. That at all times relevant, Defendant, ANN GILLETT-ELRINGTON, M.D., was engaged in the practice of her profession in the City of Detroit, County of Wayne, State of Michigan; and held herself out to the public and, in particular, to Plaintiff, as a skilled and competent medical doctor, specializing in the field of obstetrics and gynecology, and capable of properly and skillfully treating and caring for individuals seeking her services.

5. That at all times relevant, Defendant, ANN GILLETT-ELRINGTON, M.D., owed Plaintiff LAVERNE BANKS and her unborn child, A' T' . B , the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by physicians throughout the nation and to use reasonable care and diligence in the exercise of her skill and application of her learning in the care and treatment of Plaintiff LAVERNE BANKS and her unborn child, A' .. T B in accordance with the standards prevailing throughout the nation.

2

6. That at all times relevant, Defendant, ANN GILLETT-ELRINGTON, M.D., undertook to examine, diagnose, treat, and attend and care for Plaintiff LAVERNE BANKS and her unborn child, A... T... B...

7. That at all times relevant, Defendant, TIBERIU AVRAM, M.D., was engaged in the practice of his profession in the City of Detroit, County of Wayne, State of Michigan; and held himself out to the public and, in particular, to Plaintiff, as a skilled and competent medical doctor, undergoing a residency in the field of obstetrics and gynecology, and capable of properly and skillfully treating and caring for individuals seeking his services.

8. That at all times relevant, Defendant, TIBERIU AVRAM, M.D., owed Plaintiff LAVERNE BANKS, and her unborn child, A... T... L B..., the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by physicians throughout the nation and to use reasonable care and diligence in the exercise of his skill and application of his learning in the care and treatment of Plaintiff, LAVERNE BANKS and her unborn child, A... T. L B, in accordance with the standards prevailing throughout the nation.

9. That at all times relevant, Defendant, TIBERIU AVRAM, M.D., undertook to examine, diagnose, treat, and attend and care for Plaintiff LAVERNE BANKS and her unborn child, A. TE L B.

10. That at all times relevant, Defendant, JUDETTE MARIE LOUIS, M.D., was engaged in the practice of her profession in the City of Detroit, County of Wayne, State of Michigan; and held herself out to the public and, in particular, to Plaintiff, as a skilled and competent medical doctor, specializing in the field of obstetrics and gynecology, and capable of properly and skillfully treating and caring for individuals seeking her services.

3

11.   That at all times relevant, Defendant, JUDETTE MARIE LOUIS, M.D., owed Plaintiff LAVERNE BANKS, and her unborn child, A' ι TΙ .L B ., the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by physicians throughout the nation and to use reasonable care and diligence in the exercise of her skill and application of her learning in the care and treatment of Plaintiff, LAVERNE BANKS and her unborn child, Aᶠ ! Tᴸ L B in accordance with the standards prevailing throughout the nation.

12.   That at all times relevant, Defendant, JUDETTE MARIE LOUIS, M.D., undertook to examine, diagnose, treat, and attend and care for Plaintiff LAVERNE BANKS and her unborn child, Aᵗ Tι _ B.

13.   That at all times relevant, Defendant HARPER-HUTZEL HOSPITAL, was a corporation duly organized and existing under and by virtue of the laws of the State of Michigan, and operates its hospital in the City of Detroit, County of Wayne, State of Michigan; and at all times pertinent hereto and for many years past, said Defendant had been engaged in the maintenance and operation of said hospital pursuant to MCLA 333.21513 and MCLA 333.20141, where persons afflicted with illness and disease are given care and treatment for a consideration.

14.   That at all times relevant, Defendant, HARPER-HUTZEL HOSPITAL, represented and held out to the public and, in particular, to Plaintiff, that said hospital was equipped, qualified and prepared to receive the public and, in particular, Plaintiff LAVERNE BANKS and her unborn child, A' . TE B. for care and treatment, and that it employed and maintained on its staff skilled and competent physicians, obstetricians,

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4

gynecologists, residents, interns, nurses and, in general, otherwise competent help in the conduct and operation of said hospital.

15. That at all times relevant, the above individuals, including, but not limited to, ANN GILLETT-ELRINGTON, M.D., TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D., were the apparent, ostensible, express and/or implied agents of, and/or were employed by, Defendant, HARPER-HUTZEL HOSPITAL, and were acting within the course and scope of said employment and/or agency when the acts of negligence and malpractice hereinafter set forth and described were committed thereby imposing vicarious liability upon Defendant Hospital and its emergency department, by reason of the Doctrine of Respondeat Superior.

16. That in addition to the acts of negligence, and malpractice hereinafter set forth and described, for which Defendant, HARPER-HUTZEL HOSPITAL, is vicariously liable, Plaintiff asserts that said Defendant was guilty of active and/or passive negligence and malpractice by reason of the acts of Defendants as well and including the acts and/or failure to act on the part of all hospital personnel and ancillary personnel.

17. That Defendant, HARPER-HUTZEL HOSPITAL, is responsible for the operation of said Hospital, the selection of its medical staff and for the quality of care rendered in said Hospital, pursuant to MCLA 33.1422, MCLA 333.21513 and MCLA 333.20141.

18. That Defendant, HARPER-HUTZEL HOSPITAL, owed Plaintiff the duty to provide them with physicians, obstetricians, gynecologists, surgeons, professional nursing, technical and support personnel, and the technical diagnostic and treatment services and equipment necessary to ensure the safe performance of the health care undertaken by or in their facility pursuant to MCLA 333.20141.

19. That on or about May 13, 2005, and for a period of time thereafter, Plaintiff, LAVERNE BANKS, did deliver and submit herself to Defendant HARPER-HUTZEL HOSPITAL, for the purpose of receiving medical care and treatment, and did, then and there, impliedly and/or expressly, hire and employ said Defendant, its agents, servants and/or employees, including, but not limited to, ANN GILLETT-ELRINGTON, M.D., TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. to do that which was proper and necessary in the premises, in accordance with the standards of hospitals then prevailing throughout the nation, and that said Defendant did, then and there, impliedly and/or expressly, represent to use due, reasonable, and proper skill in the care and treatment of Plaintiff LAVERNE BANKS and her unborn child, ARMON TERRELL BANKS.

20. That at all times relevant, Defendant, HARPER-HUTZEL HOSPITAL, by and through its duly authorized agents, servants and/or employees, including, but not limited to, ANN GILLETT-ELRINGTON, M.D., TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D., undertook to examine, diagnose, treat, attend and care for Plaintiff LAVERNE BANKS and her unborn child, A      J T       L E

21. That Defendant, HARPER-HUTZEL HOSPITAL, by and through its duly authorized agents, servants and/or employees, including, but not limited to, ANN GILLETT-ELRINGTON, M.D., TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D., had the duty to provide Plaintiff's Decedent with the services of a competent, qualified and licensed staff of physicians, obstetricians, gynecologists, residents, interns, nurses and other employees to properly diagnose her condition, to render competent advice and assistance in the care and treatment of her case, and to render the same in accordance with the applicable standards of care prevailing throughout the nation.

6

22. That the above referred to individuals were, at all times hereinbefore and hereinafter mentioned, directly employed by Defendant, HARPER-HUTZEL HOSPITAL, by and through their duly authorized agents, servants and/or employees; and Defendants, ANN GILLETT-ELRINGTON, M.D., TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. and each of them, in disregard of their duties and obligations to Plaintiff's Decedent and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars:

   a. Employing physicians, obstetricians, gynecologists, residents, nurses, and other personnel who were unskilled for such employment, and in permitting them to attend, advise, diagnose, and treat Plaintiff LAVERNE BANKS and her unborn child, ARMON TERRELL BANKS;

   b. Failing and neglecting to have the physicians, professional nursing, technical and support personnel, and the technical diagnostic and treatment services equipment necessary to ensure the safe performance of the health care undertaken at Defendant Hospital pursuant to MCLA 333.20141;

   c. Failing and neglecting to treat Plaintiff LAVERNE BANKS and her unborn child, ARMON TERRELL BANKS, in accordance with the standard of care for physicians specializing in the fields of obstetrics and gynecology, which could have and should have been accomplished;

   d. Failing and neglecting to possess that degree of skill and learning ordinarily possessed by medical doctors specializing in the fields of obstetrics and gynecology;

   e. Failing and neglecting to exercise and employ the requisite degree of skill and knowledge in their treatment of, ARMON TERRELL BANKS, which could have and should have been accomplished;

   f. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to page Dr. Elrington STAT after it was determined that Laverne Banks needed to deliver her baby via C-section, which could have and should have been accomplished;

   g. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to continue to page Dr. Elrington STAT after she failed to respond to the initial page within a timely manner, which could have and should have been accomplished;

7

h. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to recognize and appreciate the difference between an emergency C-section and an urgent C-section and to act accordingly, which could have and should have been accomplished;

i. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by performing an emergency C-section when there was no evidence of an emergency situation, which would include, but not be limited to, fetal distress, fetal compromise, non-reassuring heart tones or rupture of membranes, which could have and should have been avoided;

j. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to wait for either the attending physician to arrive or a supervising in-house obstetrician to arrive, and/or for signs of an emergency situation to arise, which would include, but not be limited to, fetal distress, fetal compromise, non-reassuring heart tones or a rupture of membranes, before commencing with the C-section, which could have and should have been accomplished;

k. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to page the obstetrician in-house who is supervising residents so that he or she could perform and/or supervise the C-section in the event that the attending physician does not arrive in time or signs of an emergency situation become apparent, which would include, but not be limited to, fetal distress, fetal compromise, non-reassuring fetal heart tones or rupture of membranes, while waiting for the attending physician, which could have and should have been accomplished;

l. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to avoid having a four minute delay between the initial incision and the artificial rupture of membranes, and an additional approximately seven minute delay before delivery, which could have and should have been avoided;

m. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to place the arm of Armon Terrell Banks back into the womb after it was inadvertently delivered after making a low transverse incision, and to then reach around, locate his legs and proceed to deliver the him as a breech, which could have and should have been accomplished;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

8

n. Negligence and/or malpractice on the part of TIBERIU AVRAM. M.D. and JUDETTE MARIE LOUIS, M.D. by failing to deliver the fetus within a reasonable amount of time after the initial incision was made, which could have and should have been accomplished;

o. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to recognize and appreciate that manipulations undertaken to deliver the baby which are ineffective are likely to separate the placenta from the uterus, and thus deprive the fetus of its oxygen supply, and to therefore refrain from undertaking ineffective manipulations of the fetus in the uterine cavity, which could have and should have been accomplished;

p. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to perform the C-section in such a manner so as to avoid having the mother lose an excessive amount of blood during the procedure, which could have and should have been accomplished;

q. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to make an initial vertical incision rather than the horizontal incision that was ultimately utilized which would have allowed more room to perform any necessary manipulations during the course of the C-section, which could have and should have been accomplished;

r. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to timely extend the horizontal incision vertically to provide a larger opening once the horizontal incision was made, which could have and should have been accomplished;

s. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to avoid excessive trauma to the fetus during the attempt to deliver it via C-section, which could have and should have been avoided;

t. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by causing trauma to the uterine incisional suture line, causing increased bleeding, during the course of the C-section, which could have and should have been avoided;

u. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by causing a detachment of the placenta during the course of performing manipulations to the fetus during attempts to deliver it via C-section, which could have and should have been avoided;

9

v. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to properly and timely perform the C-section so that it does not result in a fetal demise, which could have and should have been accomplished;

w. Negligence and/or malpractice on the part of TIBERIU AVRAM, M.D. and JUDETTE MARIE LOUIS, M.D. by failing to follow the Hospital's policies, procedures, rules, and regulations pertaining to a resident performing an urgent C-section, and/or a C-section without supervision by an attending obstetrician, which could have and should have been accomplished;

x. Negligence and/or malpractice on the part of ANN GILLETTE-ELRINGTON, M.D. by failing to promptly respond to calls or page(s) received from the patient units in the hospital where obstetrical patients are present, which could have and should have been accomplished;

y. Negligence and/or malpractice on the part of ANN GILLETT-ELRINGTON, M.D. by failing to promptly respond, or arrange for another to respond, to calls or page(s) received from the patient units in the hospital where obstetrical patients are present even if actively involved in another matter at that time, which could have and should have been accomplished;

z. Negligence and/or malpractice on the part of ANN GILLETTE-ELRINGTON, M.D. by permitting a resident or physician in training to proceed unsupervised with a non-emergency C-section on a patient with a 30 1/7 week gestation fetus in an anticipated breech position, which could have and should have been avoided;

aa. Negligence and/or malpractice on the part of ANN GILLETT-ELRINGTON, M.D. by failing to follow the Hospital's policies, procedures, rules and regulations pertaining to a resident performing an urgent C-section, and/or a C-section without supervision by an attending obstetrician, which could have and should have been accomplished;

bb. Any and all other acts of negligence and/or malpractice which become known through discovery.

23. That the acts and/or omissions constituting negligence and/or malpractice of the Defendants, as hereinbefore alleged, directly and proximately caused and/or contributed to Plaintiff's Decedent's severe and grievous injuries, including, but not limited to: hypoxic-ischemic damage in the grey and white matter of Armon Terrell Bank's brain ultimately leading to his premature death on May 13, 2005.

10

24. That as a result of the wrongful death of A    T    L B, Plaintiff, LAVERNE BANKS, now brings this action pursuant to the Wrongful Death Statute of the State of Michigan.

25. As a proximate cause of the breaches of the aforementioned duties owed by Defendants and its employees and agents, AF   T   L B died on May 13, 2005. As a result of said injuries, before death, and as a result of death, Plaintiff's Decedent sustained before death one, more or all of the following conditions:

    a. The Plaintiff was hemiplegic, paraplegic or quadriplegic resulting in a total permanent functional loss of one or more limbs caused by injury to the brain and/or spinal cord;

    b. The Plaintiff had permanently impaired cognitive capacity rendering him incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living;

    c. There was a permanent loss of or damage to a reproductive organ resulting in the inability to procreate.

26. That, A   T   L B is survived by, among others, his mother, LAVERNE BANKS, and his father, Thomas Alfred, and his siblings.

27. That Plaintiff, LAVERNE BANKS, as Personal Representative of the Estate of the Decedent, is entitled to recover herein such damages as shall be deemed fair and just with reference to pecuniary injuries resulting from the death of said Decedent to those persons who may be entitled to such damages when recovered. A fair and just measure of such pecuniary injuries, pursuant to the Wrongful Death Statute of the State of Michigan, includes the following, for which the Plaintiff makes demand:

    a. Reasonable compensation for the pain, suffering and mental anguish endured by Armon Terrell Banks during the interim period of time extending between Defendants' negligence and malpractice and the ultimate expiration of Plaintiff's Decedent;

11

b. The necessary and reasonable expenses incurred or paid by reason of hospital, doctors, medical, funeral and burial expenses;

c. The loss to his mother of his love, companionship, care, comfort, protection, counsel and society, as well as and including the wounded feelings; in essence, his use and value as part of a functional social and economic unit.

WHEREFORE, Plaintiff, LAVERNE BANKS, as Personal Representative of the Estate of A̶̶̶ T̶̶̶ ̶B̶/ Deceased, claims judgment against the Defendants, HARPER-HUTZEL HOSPITAL, a Michigan corporation, ANN GILLETT-ELRINGTON, M.D., JUDETTE MARIE LOUIS, M.D. and TIBERIU AVRAM, M.D., Jointly and Severally, for whatever amount said Plaintiffs are found to be entitled, as determined by the trier of fact, together with interest, costs and attorney fees.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE.**

SOMMERS SCHWARTZ, P.C.

By: _____
ANNE M. SCHOEPFLE (P42673)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300

Dated: January 6, 2009

LAW OFFICES SOMMERS SCHWARTZ, P.C. • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300 • 2000 TOWN CENTER

12